# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY GOODIN, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) Case No. CIV-17-1368-G |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Gary Goodin brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 10, hereinafter "R. \_"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff filed his DIB application on March 21, 2011. R. 13, 418-20. In his application, Plaintiff alleged a disability onset date of December 15, 2008. R. 418. Plaintiff subsequently amended his disability onset date to October 25, 2010. R. 13, 53, 74, 100. Plaintiff's application was denied initially and on reconsideration. R. 150-54, 156-58. An initial hearing, held before an administrative law judge ("ALJ") on October 15, 2013, was

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

1

rescheduled after Plaintiff was admitted to the hospital. R. 44-49. At a second hearing held on April 2, 2014, Plaintiff testified about his impairments, and the same ALJ ordered additional testing and a consultative psychological examination. R. 50-70. At a third hearing before that ALJ, on October 14, 2014, the ALJ heard the testimony of Plaintiff, a vocational expert ("VE"), and medical expert Howard McClure, MD. R. 71-97, 328. The ALJ issued an unfavorable decision on November 26, 2014. R. 123-37.

On December 30, 2015, the SSA Appeals Council granted review of Plaintiff's case and remanded it to the ALJ for additional development. R. 146-49. Following this remand, the same ALJ held a fourth hearing, on November 2, 2016. R. 98-119. Plaintiff, a VE, and medical experts Kweli Amusa, MD, and Beth Maxwell, MD, testified at the hearing. *Id.* The ALJ issued a revised unfavorable decision on February 15, 2017. R. 10-34.

The Commissioner of Social Security uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between his amended onset date of October 25, 2010, and his date last insured of September 30, 2011. R. 16. At step two, the ALJ determined that Plaintiff had the severe medically determinable impairments of hypertension, diabetes, morbid obesity, chronic obstructive pulmonary disease, pain disorder, sleep apnea, major depression (recurrent moderate), learning disorder, anxiety disorder, posttraumatic stress disorder, borderline intellectual functioning, and personality disorder. R. 16. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17-22.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all his medically determinable impairments. R. 22-32. The ALJ found that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b), i.e., to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours of an 8-ho[ur] workday, and sit 6 hours of an 8-hour workday. [Plaintiff] is limited to frequent balancing and to occasional stooping, kneeling, crouching, pushing/pulling with the upper/lower extremities, and climbing of ramps and stairs. [Plaintiff] should never crawl and climb ladders, ramps and scaffolds. Furthermore, [Plaintiff] should avoid working at unprotected heights, around dangerous moving equipment or machinery or on uneven or unstable work surfaces. Mentally, [Plaintiff] can understand, remember, comprehend and carry out simple work related instructions and tasks. [Plaintiff] is able to work with coworkers and supervisors on a superficial work basis but he cannot work with the public. In addition, [Plaintiff] is able to adapt to routine changes in the work environment.

R. 22. At step four, the ALJ considered the hearing testimony of the VE and found that Plaintiff was not capable of performing his past relevant work as a truck driver. R. 32-33.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 33-34. Relying upon the VE's testimony, the ALJ found that Plaintiff could perform the light, unskilled occupations of merchandise marker, routing clerk, and solderer-dipper, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 33-34, 116-17. The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 34.

Plaintiff's request for review by the SSA Appeals Council was denied on October 26, 2017, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-7; 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff alleges that the ALJ erred by: (1) failing to consider Plaintiff's financial circumstances when evaluating Plaintiff's noncompliance with his

treatment regimen, and (2) neglecting to weigh the opinion of examiner Raymond Fuchs, PhD. *See* Pl.'s Br. (Doc. 19) at 3-10.

A. *The ALJ's Evaluation of Plaintiff's Noncompliance and Failure to Seek Treatment*

In the written decision, the ALJ noted at least one prolonged period during which Plaintiff did not seek treatment for certain conditions. R. 17, 19, 24, 25, 26-27. The ALJ declined to hold any gap in treatment against Plaintiff, however:

> The record reveals a *21-month gap* in medical treatment following the July 2014 consultative examination, which tends to suggest that [Plaintiff's] alleged mental impairments are not an ongoing or significant condition for [Plaintiff]. However, this could also suggest that [Plaintiff] could not obtain medical treatment due to a lack of funds. There are, however, certain charitable and State run medical care providers who provide treatment to the indigent either without charge or on a sliding scale basis. Indigent individuals can also seek emergency medical treatment at the local Hospital Emergency Room. I did not see any such records in the [Plaintiff's] file during this 21-month period. A mere lack of evidence during a certain period of time over the longitudinal record does not automatically show the [Plaintiff's] medical condition had improved during that time. At any event, there is sufficient evidence in the medical evidence to deny this claim for other reasons.

R. 28.

The ALJ also mentioned that Plaintiff at times had failed to comply with his physicians' instructions, particularly with regard to medications and blood-sugar monitoring, and that Plaintiff once self-reported that he was unable to afford his medications. *See, e.g.*, R. 17, 18, 19, 23, 24, 26-27, 28, 29, 31.[2] The ALJ then considered this evidence in assessing Plaintiff's allegations of his subjective symptoms:

---

[2] The ALJ also mentioned Plaintiff's failure to follow physicians' recommendations for weight loss and diet, R. 18, but (properly) did not find that this conduct constituted a failure to follow prescribed treatment that would negate a finding of disability. *See* SSR 02-1p, 2002 WL 34686281, at *9 (Sept. 12, 2002) (instructing that obesity treatment "must be

5

> The record also reflects that [Plaintiff's] allegations of inability to perform any kind of work [are] contradicted by several factors and inconsistent regarding matters relevant to the issue of disability, as discussed above. The record reflects that [Plaintiff] has a history of noncompliance with medication treatment but does well when he is compliant. . . . .
>
> Based on the totality of the evidence, [Plaintiff's] subjective complaints are inconsistent with the objective medical evidence. While no doubt [Plaintiff] has had some pain and discomfort with his conditions, the record characterizes his symptoms and medical findings as mild to moderate at most, when he is compliant with treatment.

R. 30.

Pursuant to Social Security Ruling 96-7p, a claimant's "statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints." SSR 96-7p, 1996 WL 374186, at *7.[3] However, the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.* The Ruling gives a specific example of a valid explanation: "[t]he individual may be unable to afford treatment." *Id.* at 8; *see also Threet v. Barnhart*, 353 F.3d 1185, 1190 n.7 (10th Cir. 2003) (noting that "inability to pay may provide a justification for a claimant's failure to seek treatment" (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1489-90 (10th Cir. 1993))).

---

prescribed by a treating source . . . , not simply recommended," and that "[a] treating source's statement that an individual 'should' lose weight or has 'been advised' to get more exercise is not prescribed treatment").

[3] Social Security Ruling 96-7p has now been replaced by Social Security Ruling 16-3p, which applies to determinations and decisions made by the SSA on or after March 28, 2017. *See* SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017).

Plaintiff argues that the ALJ "seemingly misunderstood or perhaps simply disregarded" Plaintiff's financial status when evaluating Plaintiff's compliance with his treatment regimen and therefore "judged [Plaintiff] more than just harshly for noncompliance." Pl.'s Br. at 3-4. The Court disagrees. The ALJ's discussion above clearly shows that the ALJ did indeed consider Plaintiff's possible financial inability to seek treatment and expressly declined to find that the lack of treatment proved an improvement in Plaintiff's condition. R. 28. The ALJ also considered the "information in the case record," multiple instances where the evidence reflected that Plaintiff failed to follow his physicians' instructions, and the single mention of Plaintiff's inability to pay, and discounted Plaintiff's allegations of total inability to work. SSR 96-7p, 1996 WL 374186, at *7; R. 30. Plaintiff thus has not shown that the ALJ failed to adequately and properly consider Plaintiff's financial circumstances. Such weighing of evidence and making of credibility determinations are squarely within the province of the ALJ, and the Court sees no legal error or lack of substantial evidence in these findings.

B. *The ALJ's Evaluation of Dr. Fuchs' Opinion*

On May 23, 2011, Raymond Fuchs, PhD, examined Plaintiff and issued a Psychological Report. R. 681-88 (Ex. 5F). Plaintiff argues that the ALJ failed to weigh Dr. Fuchs' opinion. Pl.'s Br. at 7-8. But the ALJ summarized this Psychological Report at length and concluded:

> I assign some weight to the opinion of Dr. Fuchs[] regarding his opinion of intellectual difficulties, as [Plaintiff] has worked as a truck driver for many years. In addition, [Dr. Fuchs'] opinion is not consistent with the claimant's extensive activities of daily living, as mentioned above. Dr. Fuchs also

7

reported that the claimant's progress would benefit with supportive and medication compliance, as he admitted to not taking any medications.

R. 26; *see* R. 25-26 (citing Ex. 5F); *see also* R. 19, 20, 21, 22, 31 (same).

An ALJ must "give consideration to all the medical opinions in the record [and] discuss the weight he assigns to such opinions." *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citations omitted). Because Dr. Fuchs examined Plaintiff in person in connection with his benefits applications, the ALJ was required to "evaluate," "consider," and "address" his medical opinion. 20 C.F.R. § 404.1527(b), (c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see also* 20 C.F.R. § 404.1502 (2016).

The ALJ evaluated Dr. Fuchs' opinion in detail, assigned it "some weight," and explained why. R. 26. This assessment complies with the authorities noted above and reflects no reversible error by the ALJ.

## CONCLUSION

The decision of the Commissioner is AFFIRMED. A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge